UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JEREMY MCCARTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALIGHT, INC., et al.,<br><br>Defendants. | Case No. 1:26-cv-02924<br><br>CLASS ACTION<br><br>Judge April M. Perry |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I. PRELIMINARY STATEMENT

This action is brought on behalf of purchasers or acquirers of Alight, Inc. ("Alight" or the "Company") common stock between November 12, 2024 and February 18, 2026, inclusive (the "Class Period"), against Alight and certain of its former executive officers for violations of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action. 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member or members "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, the City of Warren Police and Fire Retirement System and City of Warren Police and Fire Health Benefits Plan VEBA Trust (collectively, the "Warren P&F Funds") respectfully submit that they are the presumptively most adequate plaintiff in this case because they have filed a timely motion in response to a notice, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Warren P&F Funds' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Alight is an employee benefits solutions company that provides technology-enabled services to employees through its Alight Worklife cloud engagement platform, including integrated benefits administration, healthcare navigation, financial wellbeing, absence management, and retiree healthcare services. Alight's common stock trades on the New York Stock Exchange under the symbol ALIT.

The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose adverse facts concerning Alight's growth potential, financial stability, and ability to execute on the strategy publicly touted by its then-new Chief Executive Officer, defendant David D. Guilmette, including: (i) that Alight was not equipped to execute on its claimed potential and could not maintain its promised dividend; (ii) that Alight would require significantly higher compensation and incentive expenses to achieve management's projections; (iii) that the Company's annual recurring revenue bookings were slowing and project revenue was declining more than projected; and (iv) that, as a result of the foregoing, defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *See* ECF 1 at ¶¶2-3, 6-7).

Investors began to learn the truth on August 5, 2025, when Alight reported disappointing second quarter 2025 results and cut its revenue guidance for the year. Defendants highlighted both a slowdown in annual recurring revenue bookings and a worsening decline in project revenue, attributing the underperformance in part to macroeconomic uncertainty – which they had previously minimized – and to insufficient commercial execution. On this news, Alight's common stock price fell approximately 18% in a single day. ECF 1 at ¶¶4-5.

Notwithstanding the August 5, 2025 disclosures, defendants continued to assure investors of their ability to execute and to maintain Alight's dividend. Subsequently, however, on November 24, 2025, Alight announced that defendant Guilmette would depart the Company effective December 31, 2025, and on December 18, 2025, Alight announced that defendant Jeremy J. Heaton, the Company's Chief Financial Officer, would depart effective January 9, 2026. ECF 1 at ¶¶16-17.

On February 19, 2026, Alight announced a significant earnings shortfall relative to its prior guidance, along with further shortfalls in bookings and project revenue growth. Alight's new management stated that the Company failed to "meet our internal financial targets" and that "new

bookings and renewals did not meet our expectations," and attributed the shortfalls to defendants Guilmette and Heaton's execution. ECF 1 at ¶¶7-8. New management further cancelled the dividend, citing "more efficient capital allocation activities," and disclosed an increase in compensation expense to "promot[e] service quality" and improve sales execution. *Id.* On this news, Alight's common stock price declined approximately 38% in a single day. *Id.*. at ¶8.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Alight securities, the Warren P&F Funds and other class members have suffered significant losses and damages.

## III. LEGAL ARGUMENT

### A. The Warren P&F Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the member or members of the purported plaintiff class that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Warren P&F Funds satisfy each of these requirements and should therefore be appointed Lead Plaintiff.

### 2. The Warren P&F Funds Satisfy the Lead Plaintiff Requirements of the PSLRA

#### a. The Warren P&F Funds' Motion Is Timely

On March 16, 2026, notice was published via *Globe Newswire* advising class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff no later than May 15, 2026. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because their motion is being filed by May 15, 2026, it is timely and the Warren P&F Funds are entitled to be considered for appointment as Lead Plaintiff.

#### b. The Warren P&F Funds Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications and loss chart, the Warren P&F Funds collectively suffered more than $150,000 in losses on their purchases of Alight securities during the Class Period as a result of defendants' alleged misconduct, all of which is compensable. *See* Motion, Exs. B, C. To the best of their counsel's knowledge, no plaintiff claims a larger financial interest than the Warren P&F Funds. Therefore, the Warren P&F Funds satisfy the PSLRA's "largest financial interest" requirement.

#### c. The Warren P&F Funds Otherwise Satisfy Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other

class members and his or her claims are based on the same legal theory.”’” *Id.* (citation omitted). “‘A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.’” *Id.* (citation omitted).

Here, the Warren P&F Funds, like other class members: purchased Alight securities during the Class Period; were adversely affected by defendants’ false and misleading statements; and suffered damages when the truth became known. Thus, the Warren P&F Funds’ claims are typical of those of other class members because their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. The Warren P&F Funds also satisfy the adequacy requirement because they have a significant direct interest in the outcome of this action, ensuring they will vigorously represent the class. As two entities that are part of one sophisticated public pension system entrusted with the retirement and welfare benefits of police officers and firefighters serving the City of Warren, Michigan, the Warren P&F Funds are precisely the types of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 567 (N.D. Ill. 2004) (“Congress ‘anticipated and intended’ large institutional investors to oversee securities cases.”) (citation omitted); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5 (N.D. Ill. June 26, 2018) (finding that the PSLRA indicates a “‘presumption that institutional investors be appointed lead plaintiff’”) (citation omitted). Both Warren P&F Funds serve the same constituency – current and retired police officers and firefighters of the City of Warren, Michigan, and their families – and operate under common governance and administration. And, as set forth in more detail below, the Warren P&F Funds have

retained a single law firm, Robbins Geller, with vast experience prosecuting securities class actions, as proposed lead counsel.

Because the Warren P&F Funds have filed a timely motion, have a large financial interest in the relief sought by the class, and are typical and adequate of the putative class, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B. The Court Should Approve the Warren P&F Funds' Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Warren P&F Funds have selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, including in Chicago, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1] District courts throughout the country, including in this District, have recognized Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Hudson v. GoHealth, Inc.*, No. 1:20-cv-05593, ECF 61 (N.D. Ill. Dec. 10, 2020) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Flynn v. Exelon Corp.*, No. 1:19-cv-08209, ECF 64 (N.D. Ill. July 21, 2020) (same).

Notably, Robbins Geller obtained the $1.575 billion recovery in *Lawrence E. Jaffe Pension Plan v. Household International Inc.*, No. 1:02-cv-05893 (N.D. Ill.), the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh

---

[1] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

Circuit. Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller. Because the Warren P&F Funds' selection of Robbins Geller is reasonable, their motion should be granted.

## IV. CONCLUSION

For all the foregoing reasons, the Warren P&F Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Robbins Geller as Lead Counsel.

DATED: May 15, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DANIELLE S. MYERS (ILND-GB-5711)
JENNIFER N. CARINGAL
MICHAEL ALBERT
KENNETH P. DOLITSKY

s/ Danielle S. Myers
DANIELLE S. MYERS

---

[2] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VMT LAW
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
tmichaud@vmtlaw.com

Additional Counsel